IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EMILIANO RODRIGUEZ-RODRIGUEZ and BENITO HERNANDEZ MORENO, On Behalf of Themselves and All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>V.<br><br>BIG BIRD TREE SERVICE, INC., APOLLOS PHILIP, MANASSEH A. PHILIP, and JOHN DOE DEFENDANTS 3-10<br><br>  Defendants. | CIVIL ACTION NO. 3:15-cv-3815<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, EMILIANO RODRIGUEZ-RODRIGUEZ ("Rodriguez") and BENITO HERNANDEZ MORENO ("Moreno") (collectively "Plaintiffs"), on behalf of themselves and all other similarly situated employees, file this First Amended Complaint against BIG BIRD TREE SERVICE, INC. ("Big Bird"), APOLLOS PHILIP ("Mr. A. Philip"), MANASSEH A. PHILIP ("Mr. M. Philip"), and JOHN DOE DEFENDANTS 3-10 (the "John Doe Defendants") (collectively, "Defendants"), showing in support as follows:

### I.   NATURE OF THE CASE

1. Plaintiffs file this First Amended Complaint pursuant to the Federal Rules of Civil Procedure 15(a)(1)(B).

2. This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' failure to pay Plaintiffs time and one-half their regular rate of pay for all hours worked over 40 during each seven day workweek. Defendants

had/have a practice and/or policy to pay employees like Plaintiffs straight-time hourly wages only without paying corresponding overtime premium compensation for hours worked over 40 in a workweek.

3. Plaintiffs file this lawsuit on behalf of themselves and as a FLSA collective action on behalf of all other similarly situated individuals who work/worked for Defendants as laborers in connection with Defendants' tree business operations, were paid an hourly rate of pay, and like Plaintiffs, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

4. Recently, Defendants were investigated by a federal agency believed to be the United States Immigration and Naturalization Service ("INS"). Thereafter, Defendants reduced the number of hours its employees were credited with working in addition to paying some of its employees through other entities. Plaintiffs add the John Doe Defendants to include any and all individuals and/or entities who are determined in discovery to be employers and/or joint employers of Plaintiffs and the putative class members under the FLSA.

5. Plaintiffs and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. Plaintiff Emiliano Rodriguez-Rodriguez

6. Rodriguez is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit.

7. Rodriguez was employed by Defendants as an hourly paid laborer whose job duties involved tree cutting and trimming work. Rodriguez performed work for Defendants

primarily in and around Dallas County, Texas in connection with Defendants' tree business operations.

8.     Rodriguez is a current employee of Defendants whose dates of employment are approximately January 2010 to present.

### B.     Plaintiff Benito Hernandez Moreno

9.     Moreno is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit.

10.    Moreno was employed by Defendants as an hourly paid laborer whose job duties involved tree cutting and trimming work. Moreno worked for Defendants primarily in and around Dallas County, Texas in connection with Defendants' tree business operations.

11.    Moreno is a former employee of Defendants whose dates of employment are approximately April 2006 to January 2015.

### C.     Collective Action Members

12.    The collective action/putative collective action members are all current and/or former hourly employees of Defendants who worked as laborers in connection with Defendants' tree business operations who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. While their precise job duties might vary somewhat as laborers in connection with Defendants' tree related business operations, those differences do not matter for purposes of determining their entitlement to overtime pay. Because Defendants did not pay all overtime premium compensation to its hourly paid laborer employees who routinely worked in excess of 40 hours per workweek, Plaintiffs and the collective action/putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

13. The relevant time period for the claims of the collective action/putative collective action members is three years preceding the date this lawsuit was filed and forward.

**D.    Defendant Big Bird Tree Service, Inc.**

14. Big Bird is a corporation organized under the laws of the State of Texas.

15. During all times relevant to this lawsuit, Big Bird has done business in the State of Texas.

16. Big Bird's principal place of business, 401 W Wheatland Road, Dallas, Texas 75232.

17. At all times relevant to this lawsuit, Big Bird is and has been an "enterprise engaged in commerce" as defined by the FLSA.

18. At all times relevant to this lawsuit, Big Bird employed, and continues to employ, two or more employees.

19. Big Bird is/was an employer of Plaintiffs and the collective action/putative collective action members.

20. At all times relevant to this lawsuit, Big Bird employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

21. For example, Big Bird employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include chain saws, tools, tree trimming equipment, vehicles, fuel, and supplies/materials used in connection with Defendant's tree business operations.

22. On information and belief, at all times relevant to this lawsuit, Big Bird has had annual gross sales or business volume in excess of $500,000.

23. Big Bird may be served with summons through its registered agent, Manasseh Philip, 2432 Garapan Drive, Dallas, Texas 75224.

### E.  Defendant Manasseh A. Philip

24. Mr. M. Philip is a natural person and is the owner and a manager of Big Bird Tree Service, Inc.

25. Mr. M. Philip is a covered "employer" pursuant to the FLSA.

26. Alternatively, Mr. M. Philip is a covered "joint employer" pursuant to the FLSA.

27. Mr. M. Philip has/had operational control over Big Bird's compliance with the FLSA. As Big Bird's manager, Mr. M. Philip is/was active in the day-to-day business operations of the company and has/had responsibility for Big Bird's compliance with the FLSA with respect to its employees.

28. Mr. M. Philip has/had the power to and did: hire and fire employees; supervise and/or control the employees' work schedules and/or conditions of employment; determine the rate or method of compensation for employees; and control/maintain employees' records.

29. Mr. M. Philip may be served with summons at Victorville Medium I Federal Correctional Institution, P.O. Box 3725, Adelanto, CA 92301. His Bureau of Prisons ("BOP") Register Number is 43839-177.

### F.  Defendant Apollos Philip

30. Mr. A. Philip is a natural person and is a manager of Big Bird Tree Service, Inc.

31. Mr. A. Philip is a covered "employer" pursuant to the FLSA.

32. Alternatively, Mr. A. Philip is a covered "joint employer" pursuant to the FLSA.

33. Mr. A. Philip has/had operational control over Big Bird's compliance with the FLSA. As Big Bird's manager, Mr. A. Philip is/was active in the day-to-day business operations of the company and has/had responsibility for Big Bird's compliance with the FLSA with respect to its employees.

34. Mr. A. Philip has/had the power to and did: hire and fire employees; supervise and/or control the employees' work schedules and/or conditions of employment; determine the rate or method of compensation for employees; and control/maintain employees' records.

35. Mr. A. Philip may be served with summons at 440 E. Wheatland Rd., Dallas, TX 75241.

### G. John Doe Defendants 3-10

36. Following an investigation by the INS, Defendants altered their pay practices in a manner which may result in presently unnamed individuals and/or entities being responsible for some or all of the damages sought in this lawsuit for Plaintiffs and the collective action/putative collective action members. The John Doe Defendants include any and all individuals and/or entities who are identified in discovery as employers and/or joint employers of Plaintiffs and the collective action/putative collective action members under the FLSA.

37. The John Doe Defendants also include any and all owners and/or officers of Defendant who are identified in discovery to have operational control so as to make them employers and/or joint employers of Plaintiffs and the collective action/putative collective action members pursuant to the FLSA.

### H. Jurisdiction and Venue

38. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

39. During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continues to do business in the State of Texas.

40. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely the FLSA.

41. Venue is proper in the United States District Court for the Northern District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. As previously identified, Defendants' principal place of business is located in this District and conducts substantial business operations in this District that involved Plaintiffs and many of the putative class members. Plaintiffs worked for Defendants in this District, including significant work performed during workweeks which form the basis of his FLSA claims, in and around counties located within this District, including Dallas County, Texas.

42. Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas because, as previously identified, Defendants maintain their principal place of business within the Dallas Division and a substantial part of the events giving rise to the claims in this lawsuit occurred in the Dallas Division.

### III.   FACTUAL BACKGROUND

43. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

44. Defendants represent to the public that its services include commercial and residential yearly upkeep, pruning and shaping, dead wooding, crown reduction/thinning, code compliance, deep root fertilization, slow release fertilization, fertilizing, cabling and bracing, branch grinding, brush hauling, emergency service, storm repair, tree removal, tree grinding,

stump removal, stump grinding, mulching, tree lot clearing, mega-sized clearing, tub grinding and firewood (hereafter the "tree business").[1] Plaintiffs and the putative class members were employed as laborers in connection with Defendants' tree business.

45.     During times relevant, Defendants employ/employed numerous laborers in connection with its tree business. In fact, Defendants represent to the public that "many of our employees have been with us for 7 – 10 years. They are well compensated and are at the heart of our ability to deploy multiple crews."[2]

46.     Defendants' laborers provide manual labor in connection with Defendants' tree business. Such manual labor includes tree trimming, tree cutting, stump removal and grinding, land clearing, equipment maintenance and operation and other laborer job duties in support of Defendants' tree business.

47.     Recently, Defendants were investigated by a federal agency believed to be the INS. Although Plaintiffs and the collective action/putative collective action members regularly worked well in excess of 40 hours per workweek, after that investigation, Defendants reduced the number of hours laborers similarly situated to Plaintiffs were credited with working to generally be no more than 30 hours per week. Also, after the INS investigation, Defendants began paying laborers similarly situated to Plaintiffs through related companies for work performed on behalf of or for the benefit of Defendants.

48.     Plaintiffs were hourly paid employees who work/worked as laborers in support of Defendants' tree business operations primarily in and around Dallas County, Texas.

49.     At relevant times, Plaintiffs routinely worked in excess of 40 hours in a seven day workweek.

---

[1] See  http://www.bigbirdtreeservice.com/ (Last Accessed November 28, 2015).
[2] *Id.*

50. Plaintiffs were non-exempt employees of Defendants pursuant to the FLSA. When they worked more than 40 hours per seven day workweek, they were entitled to receive overtime premium compensation at the rate of one and one-half times their regular rate of pay for all such hours worked over 40.

51. During times relevant, Defendants had a practice and policy to not pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. For example, Plaintiffs were paid at a straight-time rate for all on-the-clock hours worked in a workweek, including hours worked over 40, without any corresponding overtime premium being paid.

52. Defendants failed to pay Plaintiffs time and one-half their regular rate of pay for all hours worked over 40 in each relevant seven day workweek during the time period relevant to this lawsuit.

53. Defendants represent to the public that "many of our employees have been with us for 7 – 10 years. They are well compensated and are at the heart of our ability to deploy multiple crews."[3] Plaintiffs worked with numerous other hourly paid employees of Defendants, such as those referenced by Defendants above, who worked as laborers for Defendants' tree business. Like Plaintiffs, those employees routinely work/worked in excess of 40 hours per workweek at relevant times, are/were entitled to be paid one and one-half times their respective regular rates of pay for all hours worked over 40 in a seven day workweek, but are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each workweek in the time period relevant to this lawsuit.

---

[3] http://www.bigbirdtreeservice.com/ (Last Accessed November 28, 2015).

*Plaintiffs' First Amended Complaint – Page 9*

## IV.     CONTROLLING LEGAL RULES

54.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

55.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

56.     The FLSA defines "employer" broadly for determining liability for claims of unpaid wages. *Vasquez v. Ranieri Cheese Factory*, 2010 WL 1223606 (E.D.N.Y. Mar. 26, 2010), citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *Brock v. Superior Care,* 840 F.2d 1054, 1058 (2d Cir. 1988) (finding that FLSA's definition of employer "is necessarily a broad one in accordance with the remedial purposes of the Act"). The term "employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d). A corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages. *Donovan v. Grim Hotel Co.*, *Grim Hotel Co.,* 747 F.2d 966, 972 (5th Cir. 1984). *See also Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012) ("The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies.").

57.     "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

58.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things,

the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

59. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

60. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

61. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

## V.   FLSA CLAIMS

62. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

63. All conditions precedent to this suit, if any, have been fulfilled.

64. At all relevant times, Defendants are/were an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

65. At all relevant times, Defendants are/have been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

66. Plaintiffs and collective action/putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

67. Plaintiffs and the collective action/putative collective action members are/were paid an hourly rate of pay by Defendants.

68. At material times, Plaintiffs and the collective action/putative collective action members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

69. Defendants are/were required to pay Plaintiffs and the collective action/putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

70. Defendants failed to pay Plaintiffs and the collective action/putative collective action members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

71. The collective action/putative collective action members are/were similarly situated to the Plaintiffs and to each other under the FLSA. 29 U.S.C. § 203(e).

72. Defendants' violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). For example, at all material times, Defendants were aware that Plaintiffs and the collective action/putative collective action members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. Plaintiffs and the collective action/putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

73. Plaintiffs and the collective action/putative collective action members seek all damages available for Defendants' failure to timely pay all overtime wages owed.

## VI. FLSA COLLECTIVE ACTION

74. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

75. Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of themselves and all current and former employees of Defendants who are/were hourly paid laborers of Defendants in connection with Defendants' tree business and who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

76. Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

77. Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. JURY DEMAND

78. Plaintiffs demand a jury trial.

## VIII.  DAMAGES AND PRAYER

79. Plaintiffs ask that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs and the Collective Action Members be awarded a judgment against Defendants or order(s) from the Court for the following:

    a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

    b. All damages allowed by the FLSA, including back overtime wages;

    c. Liquidated damages in an amount equal to back FLSA wages;

    d. Legal fees;

    e. Costs;

    f. Post-judgment interest; and

    g. All other relief to which Plaintiffs and the Collective Action Members are entitled.

Respectfully submitted,

By:   s/ Allen R. Vaught
      Allen R. Vaught
      Attorney-In-Charge
      State Bar No. 24004966
      Melinda Arbuckle
      State Bar No. 24080773
      Farsheed Fozouni
      State Bar No. 24097705
      Baron & Budd, P.C.
      3102 Oak Lawn Avenue, Suite 1100
      Dallas, Texas  75219
      (214) 521-3605 – Telephone
      (214) 520-1181 – Facsimile
      avaught@baronbudd.com
      marbuckl@baronbudd.com
      ffozouni@baronbudd.com

ATTORNEYS FOR PLAINTIFFS