IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **EMILIANO RODRIGUEZ-RODRIGUEZ AND BENITO HERNANDEZ MORENO,** *on Behalf of Themselves and All Others Similarly Situated*, §§§§§ Plaintiffs, § v. § § **BIG BIRD TREE SERVICE, INC.; APOLLOS PHILIP; MANASSEH A. PHILIP; AND JOHN DOE DEFENDANTS 3-10,** §§§§§§ Defendants. § | Civil Action No. **3:15-CV-3815-L** |

## MEMORANDUM OPINION AND ORDER

Before the court are: Motion of Defendant Big Bird Tree Service, Inc. to Dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6) (Doc. 40), filed March 31, 2016; Motion of Defendant Apollos Philip to Dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6) (Doc. 49), filed April 12, 2016; and Defendant Manasseh Philip's Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 (Doc. 53), filed April 20, 2016. Having considered the motions, responses, replies, pleadings, record, and applicable law, the court **denies** Motion of Defendant Big Bird Tree Service, Inc. to Dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6) (Doc. 40); **denies** Motion of Defendant Apollos Philip to Dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6) (Doc. 49); **denies** Defendant Manasseh Philip's Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 53); and **directs** the clerk to **strike** Manasseh Philip's Motion for Summary Judgment (Doc. 53).

**I.     Background**

This is a collective action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. On behalf of themselves and all similarly situated employees, Plaintiffs filed this action on November 28, 2015, alleging violations of the FLSA's overtime provisions by Defendant Big Bird Tree Service, Inc. ("Big Bird"). The live pleading is Plaintiffs' First Amended Complaint ("Complaint"), filed March 11, 2016 (Doc. 28), in which Plaintiffs add Apollos Philip and Manasseh Philip as Defendants and allege that they are owners and officers of Big Bird, and jointly liable with Big Bird for damages under the FLSA. On September 29, 2016, the court conditionally certified the class in this case as consisting of individuals who worked as laborers in connection with Defendants' tree business operations and were paid an hourly rate but not paid time and one-half their respective pay rates for hours worked over forty in each seven-day workweek for the three years preceding the date of the court's order. *See* Order (Doc. 77).

Defendants Big Bird, Apollos Philip, and Manasseh Philip, who is proceeding *pro se*, have each filed a motion to dismiss. *See* Docs. 40, 49, and 53.[1] Along with his motion to dismiss, Manasseh Philip has filed what is labeled a motion for summary judgment. *See* Doc. 53.

**II.    Legal Standard**

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the

---

[1] As Defendant Manasseh Philip is proceeding *pro se*, the court applies a less stringent standard in reviewing his pleadings than it applies to formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier,* 509 F.3d at 675; *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation

**Memorandum Opinion and Order – Page 3**

omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III.   Analysis

In support of its motion to dismiss, Big Bird argues that Plaintiffs have failed to adequately allege FLSA coverage. Defendants Apollos Philip and Manasseh Philip, in their respective motions

**Memorandum Opinion and Order – Page 4**

to dismiss, merely adopt by reference Big Bird's arguments. In response, Plaintiffs contend they have adequately alleged enterprise coverage under the FLSA. The court agrees.

To state a claim for overtime compensation under the FLSA, Plaintiffs must allege sufficient facts from which rhe court can reasonably infer that they were "employees engaged 'in the production of goods for commerce' ('individual coverage') *or* 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)). For purposes of establishing enterprise coverage, the FLSA defines "enterprise engaged in commerce or in the production of goods for commerce" as one that:

> A(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) [.]

29 U.S.C. § 203(s)(1).

Viewing all the allegations in the First Amended Complaint in the light most favorable to Plaintiffs, the court concludes that Plaintiffs have set forth adequate factual allegations to satisfy the elements of pleading enterprise coverage. *See* First Am. Compl. ¶¶ 20-22 (Doc. 28). Further, insofar as Defendants argue that Plaintiffs must plead both individual and enterprise coverage, the court rejects this argument. *See Martin*, 955 F.2d at 1032 ("*Either* individual or enterprise coverage is enough to invoke FLSA protection.") (original emphasis). Accordingly, the court will deny Defendants' respective motions to dismiss.

Finally, although not specifically challenged, the court determines that the pleading requirements of *Iqbal*, *supra*, and *Twombly*, *supra*, have been satisfied as to the FLSA employer status

**Memorandum Opinion and Order – Page 5**

of Defendants Apollos Philip and Manasseh Philip.[2] *See* First Am. Compl. ¶¶ 25-28, 32-34 (Doc. 28). Accordingly, the court will deny Apollos Philip's and Manasseh Philip's respective motions to dismiss for failure to state a claim on this basis, as well as for the reasons previously stated.

*Pro se* Defendant Manasseh Philip has also filed a "Motion for Summary Judgment." *See* Doc. 53. Plaintiffs ask the court to strike the motion, as it merely reiterates the language from Big Bird's original motion to dismiss and original reply brief, and fails to cite to the record or make any arguments in support of a motion for summary judgment, all in derogation of the requirements of Federal Rule of Civil Procedure 56(c). Further, Plaintiffs point out that the so-called "Motion for Summary Judgment" fails to comply with Rule 7(b)(1)(B) of the Federal Rules of Civil Procedure, which requires that a motion "state with particularity the grounds for seeking the order." Even applying a less stringent pleading standard based on Manasseh Philip's *pro se* status, *see supra* note 1, the court agrees with Plaintiffs' argument. Manasseh Philip has done nothing more than incorporate by reference snippets from Big Bird's briefs, which are not even summary judgment briefs, has failed to cite to the record or make any arguments in support of summary judgment, and has failed to comply with Rule 7 of the Federal Rules of Civil Procedure. Accordingly, the court will **direct** the clerk to **strike** the so-called "Motion for Summary Judgment."

IV.   **Conclusion**

For the reasons herein stated, the court **denies** Motion of Defendant Big Bird Tree Service, Inc. to Dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6) (Doc. 40); **denies** Motion of Defendant Apollos Philip to Dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6) (Doc. 49); and **denies** Defendant Manasseh Philip's Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to

---

[2] To the extent Defendant Manasseh Philip's motion can be interpreted as challenging the court's subject matter jurisdiction and Plaintiffs' standing, the court rejects these arguments. Plaintiffs have stated a case or controversy under the FLSA, adequately pleaded federal subject matter jurisdiction, and also have standing to bring these FLSA claims.

Federal Rule of Civil Procedure 12(b)(6) (Doc. 53). Further, the court **directs** the clerk to **strike** Manasseh Philip's Motion for Summary Judgment (Doc. 53).

    **It is so ordered** this 20th day of March, 2017.

                                         */s/ Sam A. Lindsay*
                                         Sam A. Lindsay
                                         United States District Judge