IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMILIANO RODRIGUEZ-RODRIGUEZ and | § | |
| BENITO HERNANDEZ MORENO, On | § | |
| Behalf of Themselves and All Others Similarly | § | |
| Situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:15-cv-3815-L |
| | § | |
| BIG BIRD TREE SERVICE, INC., APOLLOS | § | |
| PHILIP, MANASSEH A. PHILIP, and JOHN | § | |
| DOE DEFENDANTS 3-10 | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT, UNOPPOSED MOTION FOR ENTRY OF A CONSENT JUDGMENT, AND UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

Pursuant to the Joint Motion to Stay Deadlines Pending Resolution filed with the Court on November 22, 2017 (ECF No. 100), and the Notice of Joint Advisory to the Court filed on February 1, 2018 (ECF No. 102), Plaintiffs hereby submit this Unopposed Motion for Approval of Collective Action Settlement, Unopposed Motion for Entry of a Consent Judgment, and Unopposed Motion for Attorneys' Fees, Costs and Expenses (collectively, the "Motion").

Plaintiffs' Motion, in accordance with Local Rule 7.1, is supported by their Brief and evidence contained in the Appendix being filed concurrently with this Motion. Plaintiffs incorporate the Appendix into this Motion as if set forth fully herein.

Accordingly, Plaintiffs respectfully requests this Court enter an Order approving the Settlement and enter a consent judgment, as set forth in exhibit B of the Settlement Agreement, which includes an award of attorneys' fees, costs and expenses to Plaintiffs' Counsel.

Respectfully submitted,

By:    s/Allen Vaught
       Allen R. Vaught
       Attorney-In-Charge
       TX Bar No. 24004966
       Melinda Arbuckle
       TX Bar No. 24080773
       BARON & BUDD, P.C.
       3102 Oak Lawn Avenue, Suite 1100
       Dallas, Texas 75219
       (214) 521-3605 – Telephone
       (214) 520-1181 – Facsimile
       avaught@baronbudd.com
       marbuckl@baronbudd.com

       ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

On March 16, 2018 I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the CM/ECF method of the court. I certify that I have served all counsel of record electronically.

I certify that on March 16, 2018, a true and correct copy of the foregoing document was served on Defendant Apollos Philip via U.S. certified mail, return receipt requested, at his last known mailing address as listed below. The certified mailing was deposited into an official repository of the United States Postal Service.  In addition, I certify that on March 16, 2018, a true and correct copy of the foregoing document was served on Defendant Apollos Philip via electronic mail.

Apollos Philip
440 E. Wheatland Rd.
Dallas, TX 75241
VIA EMAIL and CMRRR# 9414 7266 9904 2076 7580 88

                                        s/Allen Vaught
                                        Allen Vaught

*Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement, Unopposed Motion for Entry of a Consent Judgment, and Unopposed Motion for Attorneys' Fees, Costs, and Expenses – Page* ii

## <u>CERTIFICATE OF CONFERENCE</u>

      I certify that on March 16, 2018 I conferred with counsel for Defendants Manasseh Philip and Big Bird Tree Services, Inc. regarding the substance of this motion and Defendants Manasseh Philip and Big Bird Tree Services, Inc. indicated, through counsel, they are unopposed to this motion. I also certify that on March 16, 2018 I conferred with Defendant Apollos Phillip regarding the substance of this motion and he indicated he is unopposed to this motion.

                         s/Allen Vaught
                         Allen Vaught

## TABLE OF CONTENTS

DALLAS DIVISION ............................................................................................................. i

TABLE OF CONTENTS ................................................................................................. iv

I.      INTRODUCTION ................................................................................................. 1

II.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND ........................ 2

    A.    The Parties' Claims and Defenses ................................................................ 2

    B.    Relevant Procedural History and Settlement Negotiations ....................... 3

    C.    Status of Discovery ........................................................................................ 4

    A.    Monetary Relief to Collective Action Class Members .............................. 5

    B.    Release Provisions .......................................................................................... 5

    C.    Consent Judgment .......................................................................................... 5

    D.    Execution on Judgment ................................................................................. 6

    E.    Attorney's Fees, Costs and Expenses .......................................................... 6

III.    ARGUMENTS AND AUTHORITIES ................................................................ 7

    A.    A Bona Fide Dispute Exists ........................................................................... 7

    B.    The Settlement Is Fair and Reasonable ...................................................... 8

        1.    Terms of the Settlement Are Fair and Reasonable Because of the Lack of Indication of Collusion, The Discovery Completed, the Likely Expense of Continued Litigation, and the Factual and Legal Obstacles to Prevailing on the Merits ................................................................................. 9

        2.    Terms of the Settlement Are Fair and Reasonable Because They Provide Substantial, Certain Benefits and Avoids the Risk, Cost, Delay and Burden of Further Litigation. ................................................................. 10

    C.    The Settlement Does Not Affect the Rights of Any Non-Parties. ........... 11

    D.    The Consent Judgment is Fair and Reasonable. ...................................... 12

    E.    The Agreed Upon Attorneys' Fees, Costs and Expenses Are Reasonable Considering the Time and Skill Required of the Attorneys and the Outcome of the Settlement. ......................................................................... 13

IV.     CONCLUSION ................................................................................................... 15

*Plaintiffs' Unopposed Motion for Approval of Collective Action*
*Settlement, Unopposed Motion for Entry of a Consent Judgment,*
*and Unopposed Motion for Attorneys' Fees, Costs, and Expenses – Page* iv

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Collins v. Sanderson Farms, Inc.*,
   568 F. Supp. 2d 714 (E.D. La. 2008) ............................................................... *passim*

*Cotton v. Hitton*,
   559 F.2d 1326 (5th Cir. 1977) .................................................................7, 9, 13

*Jarrad et al. v. Southeastern Shipbuilding Corp.*,
   163 F.2d 960 (5th Cir. 1947) ........................................................................13

*Jenkins v. Trustmark Nat'l Bank*,
   300 F.R.D. 291 (S.D. Miss. 2014) ................................................................15

*Johnson v. GA Hwy Express, Inc.*,
   488 F.2d 714 (5th Cir. 1974) ....................................................................13, 14

*Jones v. JGC Dallas, LLC*,
   2014 WL 7332551 (N.D. Tex. Nov. 12, 2014) ..............................................9, 11

*Kervin v. Supreme Serv. & Specialty Co., Inc.*,
   No. 15-1172, 2016 WL 3365367 (E.D. La. June 17, 2016) ..............................8, 9

*Local No. 93, Intern. Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland, et al.*,
   478 U.S. 501 (1986) ...............................................................................12, 13

*Lynn's Food Stores v. Unites States*,
   679 F.2d 1350 (11th Cir. 1982) .....................................................................13

*Manasseh A. Philip v. Allen R. Vaught, et al.*,
   Cause No. 3:16-cv-00733-K-BN .....................................................................3

*Martinez v. Bohls Bearing Equip. Co.*,
   361 F. Supp. 2d 608 (W.D. Tex. 2005) ..........................................................11

*McKnight v. D. Houston, Inc.*,
   756 F. Supp. 2d 794 (S.D. Tex. 2010) ...........................................................12

*Quintanilla v. A & R Demolition, Inc.*,
   2008 WL 9410399 (S.D. Tex. May 7, 2008) ...................................................14

*Turner v. Murphy Oil USA, Inc.*,
   472 F. Supp. 2d 830 (E.D. La. 2007) .............................................................15

*Plaintiffs' Unopposed Motion for Approval of Collective Action
Settlement, Unopposed Motion for Entry of a Consent Judgment,
and Unopposed Motion for Attorneys' Fees, Costs, and Expenses – Page* v

*Vela v. City of Houston*,
   276 F.3d 659 (5th Cir. 2001) .................................................................14

*In Re Wells Fargo Wage and Hour Employment Practices Litigation (No. III)*,
   18 F. Supp. 3d 844, 852 (S.D. Tex. 2014) ........................................11, 12

**Statutes**

29 U.S.C. §§ 201-219 ...........................................................................2

29 U.S.C. § 216(b) ............................................................................11

29 U.S.C. §§ 251-262 ..........................................................................2

*Plaintiffs' Unopposed Motion for Approval of Collective Action
Settlement, Unopposed Motion for Entry of a Consent Judgment,
and Unopposed Motion for Attorneys' Fees, Costs, and Expenses – Page*  vi

**BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL
OF COLLECTIVE ACTION SETTLEMENT, UNOPPOSED MOTION FOR ENTRY OF
A CONSENT JUDGMENT, AND UNOPPOSED MOTION FOR ATTORNEYS' FEES,
COSTS, AND EXPENSES**

Emiliano Rodriguez-Rodriguez and Benito Hernandez Moreno, on behalf of themselves and the opt-in plaintiffs[1] (collectively "Plaintiffs"), submit this Unopposed Motion for Approval of Collective Action Settlement, Unopposed Motion for Entry of a Consent Judgment, and Unopposed Motion for Attorneys' Fees, Costs and Expenses (collectively, the "Motion").

Plaintiffs respectfully request this Court enter an Order approving the Settlement and enter a consent judgment, as set forth in Exhibit B of the Settlement Agreement (App. pp. 13-14 (Settlement Agreement)), which includes an award of attorneys' fees, costs, and expenses to Plaintiffs' Counsel. In support of their Motion, Plaintiffs respectfully shows the Court as follows:

## I.     INTRODUCTION

After significant investigation and litigation, and notwithstanding their adversarial positions in this matter, Plaintiffs and Defendants have reached a proposed collective action settlement. The specific terms of the proposed collective action settlement are set forth in the proposed Settlement Agreement. (App. pp. 1-14 (Settlement Agreement)). The Settlement includes: (1) payment in the amount of $66,633.26 to be divided *pro rata* among Plaintiffs; (2) to be paid by Defendants in monthly installments over a five-year period; (3) non-monetary relief in the form of releases to the benefit of Defendants; (4) and a consent judgment in favor of Plaintiffs which includes (5) an award of attorney's fees to Plaintiffs' Counsel in the amount of $45,600.00 and costs in the amount of $1,766.74. *Id*. Defendants are unopposed to approval of the Settlement and entry of the consent judgment.

---

[1] Jose Antonio Viveros Barradas (Consent to Join, ECF No. 7), Jose Antonio Viveros Garcia, (Consent to Join, ECF No. 8), Antonio Garcia Montero (Consent to Join, ECF No. 9), and Crispin Diaz Moreno (Consent to Join ECF No. 10).

*Brief in Support of Plaintiffs' Unopposed Motion for Approval of Collective
Action Settlement, Unopposed Motion for Entry of a Consent Judgment, and
Unopposed Motion for Attorneys' Fees, Costs, and Expense* - Page 1 of 17

This matter does not relate to a settlement of a "class action" under Rule 23. Consequently, the settlement affects only the individuals who have affirmatively opted into the case and are represented by Plaintiffs' Counsel. For the reasons set out below, the Court should respectfully approve the Settlement Agreement and enter the proposed consent judgment as set forth in Exhibit B of the Settlement Agreement.

## II.      PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A.      The Parties' Claims and Defenses

Defendant Big Bird provides tree services in and around Dallas County, Texas. Its tree services include commercial and residential yearly upkeep, pruning, shaping, fertilization, cabling, bracing, branch grinding, brush hauling, stump removal, tree removal, and mulching. Plaintiffs are current and former hourly paid workers of Defendants who were/are employed as laborers in connection with Defendants' tree service business. Defendant Manasseh Philip is an owner of Big Bird and Defendant Apollos Philip formerly ran Big Bird. They are alleged by Plaintiffs to be "employers" under the FLSA.

Plaintiffs plead in their First Amended Complaint that the Defendants are liable to them and a putative class of similarly situated hourly paid laborers for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262 (collectively "FLSA"). Plaintiffs contend that they and other similarly situated hourly paid laborers were not paid one and one-half times their regular rate of pay for all such hours worked over 40 in a workweek as required by the FLSA. For example, Plaintiffs were paid at a straight-time rate for all on-the-clock hours worked in a workweek, including hours worked over 40, without any corresponding overtime premium being paid.

At all times during this litigation, the Defendants have disputed these allegations.

Defendants contend their pay practices are lawful and compliant with the FLSA.

**B.    Relevant Procedural History and Settlement Negotiations**

On November 28, 2015 Plaintiffs Emiliano Rodriguez-Rodriguez and Benito Hernandez Moreno, filed their Original Complaint against Defendant Big Bird Tree Service, Inc. and John Doe Defendants 1-10, seeking damages under the FLSA on a collective action basis for Defendants' failure to pay one and one-half times their regular rate of pay for all hours worked over 40 in a workweek. (ECF No. 1, Plaintiffs' Original Complaint). On February 11, 2016 Manasseh A. Philip, filed a pro-se Answer on behalf of Defendant Big Bird Tree Service, Inc. denying the allegations made by Plaintiffs. (ECF No. 14, Defendant's Answer to Plaintiff's Original Complaint). On motion of Plaintiffs, the Answer was stricken from the record by order dated February 16, 2016. (ECF No. 17, Plaintiffs' Motion to Strike Responsive Pleadings of Defendant Big Bird Tree Service, Inc.; ECF No. 19, Order).

On March 15, 2016, Defendant Manasseh A. Phillip filed a lawsuit in this Court against Plaintiffs' Counsel seeking "disbarment for malpractice and intentional theft" and damages in an amount of no less than $10,000,000.00 in retaliation for Plaintiffs and their counsel filing this lawsuit. (*See* ECF No. 3 in *Manasseh A. Philip v. Allen R. Vaught, et al.*, Cause No. 3:16-cv-00733-K-BN, in the U.S. District Court for the Northern District of Texas, Dallas Division ("*Philip v. Vaught*"). The Court summarily dismissed that lawsuit on April 11, 2016. (*See* ECF Nos. 4 & 5 in *Philip v. Vaught*).

On March 11, 2016, Plaintiffs filed their First Amended Complaint naming Apollos Philip and Manasseh A. Philip as Defendants. (ECF No. 28, Plaintiffs' First Amended Complaint). On October 17, 2017, after request for leave, Defendants answered the amended complaint denying the allegations made by Plaintiffs and asserting their defenses. (ECF No. 92,

Defendants' Unopposed Motion for Leave to File Answer to First Amended Complaint; ECF No. 94, Defendants' Answer to First Amended Complaint).

On September 28, 2016 Plaintiffs filed an Unopposed Motion for Conditional Certification of a Collective Action and to Issue Notice. (ECF No. 74, Plaintiffs' Unopposed Motion to Conditionally Certify a Collective Action and to Issue Notice). The Court granted conditional certification of the collection action on September 29, 2016. (ECF No. 77, Order). A total of 4 opt-in Plaintiffs joined this lawsuit thereafter.

In November of 2017, the Parties participated in a mediation session conducted by Cecilia Morgan, an experienced mediator. After the mediation, settlement discussions continued resulting in the Parties reaching an accord. Subsequently, the Parties jointly requested the Court stay the deadlines pending resolution of the case. (ECF No. 100, Joint Motion to Stay Case Deadlines Pending Resolution).

In reaching an agreement, Counsel for Plaintiffs analyzed and evaluated the merits of Plaintiffs' claims and the impact of the Settlement on Plaintiffs. (App. p. 1 (Settlement Agreement); App. p. 17 (Vaught Decl. ¶¶ 6-7)). Plaintiffs' Counsel considered factors such as the substantial risks of continued litigation, the financial health/ability to pay of the Defendants. (*Id.*). At all times, the Parties' settlement negotiations were adversarial, non-collusive, and at arm's-length. (App. pp. 1 (Settlement Agreement); App. p. 17 (Vaught Decl. ¶ 5)).

## C.    <u>Status of Discovery</u>

The Parties engaged in formal written discovery and the taking of deposition testimony. (App. p. 16 (Vaught Decl. ¶ 4)). Defendants produced data for each Plaintiff evidencing weeks worked and hourly pay rates. (*Id.*). In addition, Counsel for Plaintiffs took deposition testimony of two of Defendant Big Bird's representatives; one of which was Defendant's Certified Public

Accountant. (*Id.*). Defendants also produced data regarding their financial health/ability to pay a judgment. (*Id.*). This data included accounting statements, a listing of assets, and sworn declarations. (*Id.*).

From the data produced, Plaintiffs' Counsel calculated the overtime pay due for each Plaintiff based on the hourly rate, the average number of hours worked per workweek, and the number of workweeks in the relevant time period. (*Id.*). Plaintiffs' Counsel also reviewed the data produced on Defendants' financial health to analyze monthly revenue, cash on hand, short-term and long-term liabilities, and unencumbered assets. (*Id.*).

## SUMMARY OF THE SETTLEMENT

### A.    Monetary Relief to Collective Action Class Members

The Parties have agreed to a settlement amount of $66,633.26 to be paid by Defendants to the Plaintiffs, contingent upon this Court's approval. (App. p. 2 (Settlement Agreement)). Defendants will make a lump sum payment in the amount of $16,233.26. and then 60 monthly payments in the amount of $840 each (*Id*. at 3). For each payment, the six Plaintiffs will receive the *pro rata* share listed in Exhibit A of the Settlement Agreement. (*Id*. at p. 12). The *pro rata* share to each Plaintiff is based on his respective hours worked and rate of pay. (*Id*.).

### B.    Release Provisions

All Plaintiffs will be bound by the release set forth in the Settlement Agreement which releases Defendants from any and all claims, liabilities, and rights of any kind, whether known or unknown, which Plaintiffs may have against the Defendants arising out of or relating to causes of action under the FLSA asserted in the Lawsuit. (*Id*. at 4).

### C.    Consent Judgment

The settlement amount is to be paid out monthly over a five-year period. (*Id*. at 3). Thus, the settlement amount will be secured by a consent judgment in the amount of $114,000 which includes $45,600 in attorney's fees and $1,766.74 in costs. (*Id*. at 2).

**D.     Execution on Judgment**

Plaintiffs will be restricted in their ability to execute on the Consent Judgment. (*Id*. at 4). Plaintiffs' may record the Consent Judgment, but may not execute on the Consent Judgment unless a default in payment occurs. (*Id*.). However prior to Plaintiffs' ability to execute, Defendants will have the right to notice and a ten-day grace period to cure the first payment default as set forth in the Agreement. (*Id*.).

**E.     Attorney's Fees, Costs and Expenses**

Pursuant to Plaintiffs' retainer agreement with Plaintiffs' Counsel and the Settlement Agreement, Plaintiffs request approval of the agreed upon award of attorneys' fees of $45,600.00. This amount is equivalent to 40% of the total settlement of $114,000.00. (App. p. 2 (Settlement Agreement); App. pp. 19-20 (Vaught Decl. ¶ 13, 14)). This amount is less than the lodestar incurred by Plaintiffs' counsel, which totals $103,540.00. (App. p. 19 (Vaught Decl. ¶ 13)).

The Parties have agreed to an award to Plaintiffs' Counsel of $1,766.74 in costs. Counsel for Plaintiffs incurred costs in prosecuting this action including sending notice, deposition fees, costs of mediation, filing, and effectuation of service. (App. p. 2 (Settlement Agreement); App. pp. 20 (Vaught Decl. ¶ 14)).

If this Court reduces the award of attorneys' fees, costs, and expenses agreed upon for any reason, the difference shall be redistributed to the settlement class on a proportionate basis

consistent with the distribution set forth in Exhibit A of the Settlement Agreement. (App. pp. 5, 8 (Settlement Agreement); App. pp. 15 (Vaught Decl. ¶ 13)).

## III.   ARGUMENTS AND AUTHORITIES

In approving a settlement which resolves claims brought pursuant to the FLSA, a Court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (citing *Lynn's Food Stores v. Unites States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). Unlike in a class action settlement, the primary focus of whether to approve an FLSA settlement is on "ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Id.* However, in making its determination, the Court should not lose sight that an essence of settlement is a compromise. *Cotton v. Hitton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (stating "a trial court should not make a proponent of a proposed settlement justify each term of settlement against a hypothetical or speculative measure of what concessions might have been gained.") (internal quotes and citations omitted).

## A.  A Bona Fide Dispute Exists

This action involves a bona fide dispute as to whether Plaintiffs were lawfully compensated for overtime hours in accordance with the FLSA. (ECF No. 28, Plaintiffs' First Amended Complaint; ECF No. 94, Defendants' Answer to First Amended Complaint). At all times during the proceedings counsel for Plaintiffs have asserted Plaintiffs' claims are meritorious and that Plaintiffs would prevail on the merits of their claims. (App. p. 17 (Vaught Decl. ¶¶ 6-7)). At all times during the proceedings Defendants have expressly denied Plaintiffs' claims and disputed Plaintiffs' allegations.

The Parties contest whether Plaintiffs were paid at one and one-half times their respective rates of pay for all hours worked over forty in a workweek in accordance with FLSA. In asserting their adverse positions, both Parties engaged the representation of experienced employment law litigators. (*See, e.g.*, App. pp. 20-26 (Vaught Decl. ¶¶ 16-45). As the Parties pursued their contested positions for over two years and engaged in formal discovery, depositions, and motion practice to advance their positions, there is a presumption of a bona fide dispute between the Parties. *See Kervin v. Supreme Serv. & Specialty Co., Inc.*, No. 15-1172, 2016 WL 3365367, at *2 (E.D. La. June 17, 2016) (finding a bona fide dispute existed over a provision of the FLSA where the parties contested compensation due and prosecuted the case through written discovery).

In addition, the Parties used a neutral third-party wage and hour mediator to help move the parties towards a settlement. (ECF No. 100, Joint Motion to Stay Deadlines Pending Resolution). The presence of experienced counsel and the need for formal mediation to resolve the dispute further demonstrates that a bona fide dispute exists between the Parties. *Collins*, 568 F. Supp. 2d at 721.

**B.   The Settlement Is Fair and Reasonable**

In determining if a settlement is fair and reasonable, courts in the Fifth Circuit generally adopt or vary the six factors used in approving a settlement under Rule 23 of the Federal Rules of Civil Procedure. *Kervin,* 2016 WL 3365367, at *2.   The factors are as follows:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.

*Id.*

In addition to these factors, a court should generally consider the terms of the settlement in comparison to the likely rewards the Plaintiffs would have received following a successful trial, without making any fact-finding determinations as to the merits of the case. *Cotton*, 559 F.2d at 1130.

1.  **Terms of the Settlement Are Fair and Reasonable Because of the Lack of Indication of Collusion, The Discovery Completed, the Likely Expense of Continued Litigation, and the Factual and Legal Obstacles to Prevailing on the Merits**

Without indication of collusion or fraud, a court should be "hesitant to substitute its own judgment for that of experienced counsel." *Id.* at 1330. Here, there is no indication of fraud or collusion in the conduct of the Parties. The duration of the litigation, presence of an experienced mediator, and both Parties having legal representation is indicative of an arms'-length negotiation. *Collins*, 568 F. Supp. 2d at 725.

The duration of the litigation (over 2 years) and the record also demonstrates a lack of collusion. *Collins*, 568 F. Supp. 2d at 725. The case was heavily contested with the filing of multiple motions to dismiss and numerous opposed motions. It was not until the parties used an experienced mediator  that they were able to reach a tentative settlement. Use of an experienced mediator and representation by Counsel are "factor[s] favoring a finding of a fair and reasonable settlement." *Jones v. JGC Dallas, LLC*, 2014 WL 7332551, *4 (N.D. Tex. Nov. 12, 2014).

In addition, the stage of the proceedings supports the Settlement is fair and reasonable; The parties engaged in formal discovery and took depositions. *Kervin*, 2016 WL 3365367 at 3. Formal disclosure by the Defendants' of wage and hour data for the Plaintiffs provided the Parties with a sufficient understanding of the potential range of Plaintiffs' possible recovery. *Id.* Based on this information, Plaintiffs' Counsel were able to compute damages for each individual

Plaintiff, as discussed *supra*, resulting in a settlement within the range of Plaintiffs' possible recovery. (App. pp. 16-17 (Vaught Decl. ¶¶ 4-5)).

Similarly, the assessment by Counsel of the complexity, expense and likely duration of the litigation supports the Agreement is fair and reasonable. The fact-finding performed by the Parties, the significant data exchange, the deposition testimony taken, and the lengthy settlement discussions show that each side assessed the potential risks of litigation and the probability of Plaintiffs' success on the merits. (App. pp. 16-17 (Vaught Decl. ¶¶ 2-7)).

Plaintiffs' success on the merits still remains uncertain at this point based on Defendants' pleaded affirmative defenses including alleged good faith reliance on Department of Labor guidance. (ECF No. 94, Defendants' Answer to First Amended Complaint). The Parties dispute might or might not have been resolved by dispositive motions. (App. p. 17 (Vaught Decl. ¶¶ 6-7)). However, the time and expense of such efforts was considered in light of the benefits conferred by the Settlement. (*Id*.). Moreover, the financial health/ability to pay of Defendants was a significant factor evaluated by Plaintiffs' in connection with this Settlement. In addition, the legal fee request by Plaintiffs' counsel in the Settlement is less than their lodestar incurred to date. (App. p. 19 (Vaught Decl. ¶13)).

2. **Terms of the Settlement Are Fair and Reasonable Because They Provide Substantial, Certain Benefits and Avoids the Risk, Cost, Delay and Burden of Further Litigation.**

The terms of the Settlement are fair and reasonable. The Settlement Agreement provides a determinative monetary award to each Plaintiff rather than proceeding with the uncertainty of litigation, including Defendants' ability to pay a judgment on the merits. Moreover, no individual Plaintiff is granted more favorable treatment than any other. Rather each Plaintiff receives a *pro*

*rata* share of the settlement based on his weeks worked and payrate. (App. p. 8 (Settlement Agreement)).

The release provision in the settlement agreement is also fair and reasonable in light of the exchange for the benefits provided to settlement recipients. *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 628-631 (W.D. Tex. 2005) (discussing in extensive detail the legislative and judicial history of private settlements of FLSA claims). The agreement does not impermissibly bar all future claims to the Plaintiffs, but is limited to those arising out of causes of action under the FLSA asserted in this lawsuit. Thus, it is narrowly tailored in scope and not overly broad. *In Re Wells Fargo Wage and Hour Employment Practices Litigation (No. III)*, 18 F. Supp. 3d 844, 852 (S.D. Tex. 2014) (upholding court's decision that settlement was fair and reasonable as releases that apply only to wage and hour claims were not overly broad).

In addition, the respective opinions of the participants were considered. Both named Plaintiffs and all Defendants signed the Settlement Agreement indicating their endorsement of its terms. *Jones*, 2014 WL 7332551 at 4 (Discussing the signature of the representative Plaintiffs favors a finding the Agreement is fair and reasonable).

**C.  The Settlement Does Not Affect the Rights of Any Non-Parties.**

Finally, this Court should approve the Settlement Agreement in this case, omitting the preliminary approval notice given that the collective action Settlement was not reached pursuant to FED. R. CIV. P. 23. Unlike in a class action, this Settlement will only apply to those who have chosen to affirmatively opt-in to the suit. *See Collins*, 568 F. Supp. 2d at 728.

A collective action under the FLSA may include employees who are "similarly situated" and who provide written consent to opt into the class. 29 U.S.C. § 216(b). Certification of a FLSA collective action proceeds in two steps. The first step – conditional certification- is a

determination made using a fairly lenient standard which is routinely decided based on the pleadings and affidavits that have been submitted *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010). The second step occurs after discovery is complete, at which time, upon a defendant's motion to decertify the class, the court can consider additional factors to make a final determination whether plaintiffs are similarly situated. *Id.*

Here, the Court completed stage one of the certification process for the FLSA collective action, conditionally certifying the class. Four individuals who are not time-barred pursuant to the FLSA's statute of limitations have opted into this lawsuit. The Court need not complete a stage two analysis, or reissue notice of the Settlement as the Parties have agreed the Settlement Agreement will pertain only to the opt-in Plaintiffs listed in Exhibit A of the Settlement Agreement who have agreed to be bound by any judgment or settlement in this action in connection with filing their consents to join the lawsuit. (*See e.g.* ECF No. 7, Consent to Join of Jose Antonio Viveros Barradas *stating* "By joining this lawsuit, I designate the Named Plaintiffs and their attorneys [. . .] as my representatives to make all decisions on my behalf, to the extent permitted by law, concerning the method and manner of conducting the case including settlement [. . .]"). *See also*, *In Re Wells Fargo*, 18 F. Supp. 3d at 853 (discussing a "final" class certification ruling is not required in an FLSA collective action settlement).

## D.  **The Consent Judgment is Fair and Reasonable.**

The Supreme Court has recognized that "consent decrees have attributes both of contract and of judicial decrees, a dual character that has resulted in different treatments for different purposes. *Local No. 93, Intern. Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland, et al.*, 478 U.S. 501, 519 (1986) citing *United States v. ITT Continental Baking Co.*, 410 U.S. 223, 235-237 (1975) (internal quotations omitted).  The parties' agreement gives the court authority to

treat the agreement as a judicial decree for the purpose of rendering judgment. *Id*. at 522. Consent judgments arising out of a parties' agreement are final, as res judicata to subsequent claims. *Jarrad et al. v. Southeastern Shipbuilding Corp*., 163 F.2d 960, 961 (5th Cir. 1947).

In determining whether a consent judgment should be entered, the Court should perform its balancing test as to the fairness and reasonability of the terms of the settlement to the parties with consideration to the consent judgment as one of the terms of the agreement. *Lynn's Food Stores, 679 F.2d* at 1353; *See also Cotton, 559 F2d* at 1330.

In this case, on balance, the terms of the consent judgment as part of the settlement agreement are fair and reasonable; Plaintiffs gain the legal rights embodied in a final judgment and Defendants' gain the enforceability restrictions embodied in the terms of the Settlement Agreement. (App. p. 3-4 (Settlement Agreement)). Moreover, the consent judgment under the Agreement promotes judicial efficiency as continuing obligations of the Parties exist as part of the Agreement. (Id. at 2).

**E.  The Agreed Upon Attorneys' Fees, Costs and Expenses Are Reasonable Considering the Time and Skill Required of the Attorneys and the Outcome of the Settlement.**

The Settlement Agreement is also fair and reasonable as it provides for an award to Plaintiffs' Counsel of attorneys' fees, in an amount equaling no more than 40% of the gross settlement. (App. p. 20 (Vaught Decl. ¶13)). In determining reasonableness of attorney's fees in collective action settlement courts have considered the *Johnson* factors applicable to class action settlements. *See Collins*, 568 F. Supp. 2d at 729 (discussing court's award of attorney's fees per *Johnson v. GA Hwy Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). The factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by claimant or the circumstances; (8) the amount of recovery and the

results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases.

*Id at 717-719.*

The compensation sought for Collective Action Counsel represents 40% of the monetary settlement created by their efforts. (App. pp. 18-19 (Vaught Decl. ¶¶10, 13)). This is well within the usual range of percentages awarded in similar cases. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (identifying customary contingency rate of 35-40%); *Quintanilla v. A & R Demolition, Inc.*, 2008 WL 9410399, at *8 (S.D. Tex. May 7, 2008) (approving a settlement that awarded attorney's fees amounting to 40% of a common fund). Moreover, this percentage award of legal fees is actually $103,540.00 less than the lodestar incurred by Plaintiffs' Counsel to date. . (App. p. 19 (Vaught Decl. ¶13)).

The agreed upon fees also provide compensation for the significant amount of time and labor expended by Plaintiffs' Counsel including: (a) all work already performed, and costs and expenses related to the fact-finding, prosecution and settlement of the lawsuit incurred through the date of the Settlement; (b) all work to be performed and costs to be incurred in fully and finally resolving the lawsuit; and (c) all work, costs and expenses incurred in connection with administering the settlement (other than any reasonable and necessary fees and costs relative to enforcement of the consent judgment, should any be incurred). (App. p. 19 (Vaught Decl. ¶ 13)). Counsel's work includes investigating the underlying merits of the claim, conducting formal discovery, taking two depositions, sending class notice, calculating and analyzing damage models for all Plaintiffs, participating in settlement negotiations and formal mediation, engaging in motion practice, and communications with named Plaintiffs and various opt-in Plaintiffs. (*Id.* at ¶¶ 2-6). Each of these efforts was essential to achieving an excellent result for Plaintiffs.

Moreover, Plaintiffs had access to experienced attorneys in FLSA wage and hour collective action practice. (*Id.* at ¶¶ 14-43). However, working for Plaintiffs necessarily prevented the firm from accepting other cases. (*Id.* at ¶ 9). Plaintiffs' counsel has worked on this case for over two years and has yet to recover any fees, expenses, or costs. (*Id.* at ¶ 11). *See also*, *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 859-60 (E.D. La. 2007) ("Recognizing the contingent risk of nonpayment in [class action] cases, courts have found that class counsel ought to be compensated both for services rendered and for risk of loss or nonpayment assumed by carrying through with the case") (internal quotations and citations omitted). The complexity of this case, the experience of Counsel, the requested fee award that is less than Plaintiffs' Counsels' lodestar, and the risks assumed by Counsel support the requested and agreed upon fee award.

Furthermore, Plaintiffs' Counsel achieved an excellent result on behalf of Plaintiffs which supports the agreed upon fee award. The Settlement provides for fixed monetary relief for each Plaintiff. It resolves the case without further expense and risk to Plaintiffs. Accordingly, Plaintiffs have met their burden under the *Johnson* factors to show that the agreed upon fee award is permissible.

Finally, the award of the agreed upon attorneys' fees, expenses and costs supports public policy in ensuring the availability of capable counsel to represent injured Plaintiffs. *Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 300 (S.D. Miss. 2014). Thus, the Court should respectfully find no reason to diminish the attorney's fees, costs, and expenses agreed upon by the Parties.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order approving the Settlement Agreement and enter the proposed consent judgment, as set forth in Exhibit B of the Settlement Agreement, which includes an award of attorneys' fees, costs and expenses to Plaintiffs' Counsel.

Respectfully submitted,

By:   s/Allen Vaught
      Allen R. Vaught
      Attorney-In-Charge
      TX Bar No. 24004966
      Melinda Arbuckle
      TX Bar No. 24080773
      BARON & BUDD, P.C.
      3102 Oak Lawn Avenue, Suite 1100
      Dallas, Texas 75219
      (214) 521-3605 – Telephone
      (214) 520-1181 – Facsimile
      avaught@baronbudd.com
      marbuckl@baronbudd.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

On March 16, 2018 I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the CM/ECF method of the court. I certify that I have served all counsel of record electronically.

I certify that on March 16, 2018, a true and correct copy of the foregoing document was served on Defendant Apollos Philip via U.S. certified mail, return receipt requested, at his last known mailing address as listed below. The certified mailing was deposited into an official repository of the United States Postal Service.  In addition, I certify that on March 16, 2018, a true and correct copy of the foregoing document was served on Defendant Apollos Philip via electronic mail.

Apollos Philip
440 E. Wheatland Rd.
Dallas, TX 75241
VIA EMAIL AND CMRRR# 9414 7266 9904 2076 7580 88
      s/Allen Vaught
      Allen Vaught

## <u>CERTIFICATE OF CONFERENCE</u>

       I certify that on March 16, 2018 I conferred with counsel for Defendants Manasseh Philip and Big Bird Tree Services, Inc. regarding the substance of this motion and Defendants Manasseh Philip and Big Bird Tree Services, Inc. indicated, through counsel, they are unopposed to this motion. I also certify that on March 16, 2018 I conferred with Defendant Apollos Phillip regarding the substance of this motion he indicated he is unopposed to this motion.

                                       s/Allen Vaught
                                       Allen Vaught