# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and among named Plaintiffs **EMILIANO RODRIGUEZ-RODRIGUEZ, BENITO HERNANDEZ MORENO** and opt-in Party Plaintiffs **JOSE ANTONIO VIVEROS BARRADAS, JOSE ANTONIO VIVEROS GARCIA, ANTONIO GARCIA MONTERO,** and **CRISPIN DIAZ MORENO** (collectively, "Plaintiffs") and Defendants **BIG BIRD TREE SERVICES, INC., APOLLOS PHILIP,** and **MANASSEH A. PHILIP** (collectively, "Defendants" or collectively with Plaintiffs, "Parties").

**WHEREAS**, on November 28, 2015 Emiliano Rodriguez-Rodriguez and Benito Hernandez Moreno filed a lawsuit styled *Emiliano Rodriguez-Rodriguez and Benito Hernandez Moreno, on Behalf of Themselves and All Others Similarly Situated v. Big Bird Tree Service, Inc., and John Doe Defendants 1-10,* No. 3:15-cv-03815, in the District Court for the Northern District of Texas ("Lawsuit"), alleging *inter alia* a failure to pay overtime in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

**WHEREAS**, on March 11, 2016 Plaintiffs amended their lawsuit to include Apollos Philip and Manasseh A. Philip as named Defendants.

**WHEREAS,** on March 31, 2016 Defendant Big Bird Tree Service, Inc. filed a Motion to Dismiss Plaintiffs' Amended Complaint, on April 12, 2016 Defendant Apollos Philip filed to Dismiss Plaintiffs' Amended Complaint, and on April 20, 2016 Defendant Manasseh Philip filed a Motion to Dismiss Plaintiffs' First Amended Complaint; all of which motions were subsequently denied by Court Order on March 20, 2017;

**WHEREAS**, on November 21, 2017, the Parties participated in a mediation session of this matter which was conducted by experienced mediator, Cecilia Morgan; After continuing settlement discussions following the mediation, the Parties reached an accord resulting in this Agreement;

**WHEREAS,** the Parties have concluded that there is a bona fide FLSA dispute between them over hours worked and compensation owed and as a result of arms' length negotiations, the Parties desire to compromise and settle the dispute, without admissions of liability or fault, according to the terms of this Agreement;

**WHEREAS,** Plaintiffs' Counsel analyzed and evaluated the merits of the claims made against Defendants, obtained and reviewed documents relating to Defendants' compensation policies and practices, analyzed payroll data, and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, if not settled now, might not result in any recovery or might result in a recovery less favorable, and that any recovery may not occur for several years, Plaintiffs' Counsel is satisfied that the terms of this Settlement Agreement are a fair, reasonable, and adequate compromise of the disputed claims, and that it is in the bests of Plaintiffs to settle their claims pursuant to the terms set forth herein;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained, it is agreed by and between the Parties as follows:

1. **Settlement Sum and Allocation** - The Plaintiffs and their counsel will have the right to, as consideration for the settlement of this Lawsuit, the amount of $114,000 (one hundred fourteen thousand dollars). This amount shall be divided between attorneys' fees, costs of court, and distributions to Plaintiffs as follows:

   a) Subject to Court approval, Plaintiffs' Counsel shall be paid $45,600.00 for attorneys' fees and $1,766.74 in costs, totaling the sum of $47,366.74. In the event the Court does not approve the full amount of the fees and costs, any portion of the $47,366.74 that is not approved shall be distributed to the Plaintiffs on a proportionate basis consistent with the distribution set forth in Exhibit A.

   b) Plaintiffs shall be paid $66,633.26. This amount shall be allocated among all Plaintiffs proportionally based on the payroll and compensation data provided in discovery during the Lawsuit. The amount to be paid to each Plaintiff is set forth in Exhibit A of this Agreement.

   c) For amounts due Plaintiffs, Defendants shall issue checks payable in the name of each Plaintiff pursuant to Exhibit A of this Agreement. All checks shall be delivered to the care of Allen Vaught for distribution at Baron & Budd, 3102 Oak Lawn Ave. #1100, Dallas Texas 75219.

   d) Payments to Plaintiffs shall be treated as having a 50% back wage component and a 50% non-wage liquidated damages component.

      i. Payments treated as back wages shall be less standard tax withholdings (federal, and where applicable, state income tax, FICA and Medicare). Defendants are responsible for any employer related taxes. Defendants shall report and provide each taxing authority with appropriate notice of the payment amounts. Defendants shall issue an IRS Form W-2 to each Plaintiff.

      ii. Payments treated as non-wage liquidated damages shall not be subject to withholding taxes. Defendants shall report to each taxing authority with appropriate notice of the payment amounts. Defendants shall issue an IRS Form 1099 to each Plaintiff.

      iii. Plaintiffs shall complete an IRS Form W-9 and return it to Plaintiffs' counsel. An IRS Form W-9 is a condition precedent to any Plaintiff's right to receive a settlement payment for the non-wage liquidated damages component. Counsel for Plaintiffs shall promptly deliver all IRS Form W-9s to Counsel for Defendants.

   e) Plaintiffs shall inform its Counsel of any changes of address. Notification shall be made in writing to the care of Allen Vaught at Baron & Budd, 3102 Oak Lawn Ave. #1100, Dallas Texas 75219. Written notification shall be made within 10 (ten) days of any change of address.

    f)    For the amounts due Plaintiffs' Counsel, Defendants shall issue checks payable to Baron & Budd, P.C. The checks shall be delivered to the care of Allen Vaught at Baron & Budd, 3102 Oak Lawn Ave. #1100, Dallas Texas 75219.

2. **Settlement Payment Plan** - The Settlement Amount of $114,000 shall be paid in accordance with the following schedule:

   a) Defendants shall pay a total of $30,000 (thirty-thousand) no later than 15 days after the approval of the Agreement by the Court. The funds shall be allocated as follows:

      i. $12,000.00 will made payable to Baron & Budd, P.C. towards attorneys' fees payable

      ii. $1,766.74 will be made payable to Baron & Budd, P.C. for costs payable

      iii. $16,233.26 will be made payable to Plaintiffs' in accordance with Schedule A. Separate checks will be issued to each Plaintiff in accordance with Paragraph 1(d) of this agreement.

   b) Defendants shall make a monthly installment payment of $1,400 (one thousand four hundred dollars) for a term of 60 consecutive months. Each monthly installment payment shall be paid no later than the 15th of each month. Monthly installment payments shall commence on the 15th of the month immediately following the month in which the $30,000 is paid pursuant to paragraph 2(a).

      i. $560.00 of each monthly payment will be made payable to Baron & Budd, P.C. towards attorneys' fees payable

      ii. $840.00 of each monthly payment will made payable to Plaintiffs' in accordance with Schedule A, subject to the treatment set forth in Paragraph 1(d). Separate checks will be issued to each Plaintiff in accordance with Paragraph 1(d) of this agreement.

   c) Time is expressly made of the essence as to the payment schedule. Penalties for failure to timely pay are set forth in Paragraph (3).

   d) Monthly installments may be prepaid, in whole, at any time. Prepayments will be applied to the next month following the prepayment in which a default would otherwise occur.

3. **Right to Cure** - Plaintiffs' and Plaintiffs' Counsel have agreed to accept payment pursuant to the terms set forth in Paragraph (2). Acceptance of this payment plan is that payment be received by the dates indicated. If payment is not received pursuant to the terms set forth in paragraph (2), Defendants will be in default of this Agreement.

   a) In the event of a default, and only for the first default, Defendants have the limited right to cure as follows:

      i.    Plaintiffs' Counsel will notify Defendants' Counsel of the default in writing, by fax or email. Plaintiffs' Counsel will send notice to the address for Defendants' Counsel as listed with the Texas State Bar.

      ii.    Defendants shall have 10 (ten) days from the date of notice sent pursuant to paragraph 3(a)(i) to cure the default. The default is cured by receipt of the outstanding payment amount.

b)    In the event of a second default of the payment terms, or any default thereafter, any payments remaining pursuant to the payment plan set forth in Paragraph (2) shall be accelerated and immediately due and owing. Plaintiffs and Plaintiffs' Counsel shall have the right to execute upon the Consent Judgment. Plaintiffs and Plaintiffs' Counsel shall be entitled to interest on the full amount of all unpaid payments beginning on the date of default. Interest shall accrue at the lawful statutory judgment rate at the time of default. Defendants shall be responsible for all attorneys' fees incurred and costs expended by Plaintiffs to enforce the terms of this Settlement Agreement and execute upon the Consent Judgment.

4.    **Consent Judgement** – Plaintiffs' and Plaintiffs' Counsel have agreed to accept payment pursuant to the terms set forth in Paragraph (2). As security for the payment plan, Defendants have agreed to entry of a Consent Judgment. The agreed upon proposed Consent Judgment is attached as Exhibit B to this Agreement. The following terms apply to the Consent Judgment:

a)    Plaintiffs and Plaintiffs' Counsel have a right to abstract and record the Consent Judgment upon entry of the Consent Judgment.

b)    Plaintiffs' and Plaintiffs' Counsel's rights to execute upon the Consent Judgment are restricted pursuant to the Paragraph 3(b) of this Agreement.

c)    Defendants do not admit they have violated any provision of the Fair Labor Standards Act, but agree to the entry of a consent judgment, subject to Court approval, for settlement purposes only

5.    **Release of Claims** - In consideration of the benefits to be received by Plaintiffs under this agreement, each Plaintiff agrees to release and discharge Defendants from any and all claims, liabilities, and rights of any kind, whether known or unknown, which Plaintiffs may have against the Defendants arising out of or relating to causes of action under the FLSA asserted in the Lawsuit.

6.    **Terms of Settlement and Representation by Counsel** - The terms of this Agreement were reached as a result of arms'-length negotiations. The Parties acknowledge that they have been appropriately and adequately represented by counsel throughout all negotiations which preceded the execution of this Agreement and that this Agreement has been executed with the consent and the advice of such counsel.

7.    **Nonadmission** - The Parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by the Parties. The Parties agree that

this Agreement represents a fair and reasonable settlement of this bona fide dispute as to the facts and the law that apply to this matter. This Agreement is a compromise and shall not be construed as an admission of liability under the FLSA by the Parties to this Agreement.

8. **Attorney's Fees** - Subject to the Court's approval, Plaintiffs' Counsel shall receive attorneys' fees and costs in the amount of $47,366.74, which will compensate Plaintiffs' Counsel for all work performed in the Lawsuit as of the date of this Agreement as well as all of the work remaining to be performed, including but not limited to documenting the settlement, securing Court approval of the Settlement Agreement and entry of the Consent Judgment, and making sure the Settlement Agreement is fairly administered and implemented. Defendants shall be responsible for its own attorneys' fees and costs.

9. **Disposal of the Lawsuit** - On November 28, 2017 the Court Ordered the case to be administratively closed and directed the Parties to file a stipulation or notice of dismissal or agreed motion to dismiss by February 2, 2018. On February 1, 2018 the Parties filed a Joint Advisory to the Court or Alternatively Motion to Extend Deadline to Dismiss Case requesting until March 16, 2018. Plaintiffs' shall seek, unopposed, Court approval of the Settlement Agreement and entry of the Consent Judgment. Plaintiffs will provide a copy of the motion for approval to Counsel for Defendants in advance to provide comments.

10. **Settlement Approval Procedure** – This Agreement will become final and effective upon the occurrence of all of the following events: (1) Execution of this Agreement by named Plaintiffs, Counsel for Plaintiffs, and Defendants, (2) Entry of an Order by the Court granting approval of this Agreement, and (3) Entry of a Consent Judgment in favor of Plaintiffs and Counsel for Plaintiffs pursuant to the terms of this Agreement.

11. **Effect of Non-Approval** - If the Court does not enter an Order approving this Agreement or does not enter a Consent Judgment or decides to do so only with material modifications to the terms of the Agreement, or if the Order or Consent Judgment is reversed or vacated by an appellate court, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves the modified Agreement.

12. **Time Calculation** - For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

13. **Authorization** - The signatories to this Settlement Agreement represent that each is fully authorized to enter into this Settlement Agreement on behalf of themselves or their respective principals.

14. **Binding Effect** - This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties.

15. **Tax Treatment**. The Parties acknowledge and agree that no Party has made any representations, opinions, or advice to another Party with respect to the tax liabilities that

may exist in connection with settlement payments. The Parties understand and agree that they should seek independent advice with regard to such matters from a tax professional.

16. **Continuing Jurisdiction** - The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

17. **Choice of Law**. This agreement is made and performable in Texas, and shall be governed by and construed in accordance with the laws of the State of Texas.

18. **Construction.** This Agreement shall be deemed drafted equally by the Parties. Its language shall be construed as a whole and according to its fair meaning. Any presumption or principle that the language is to be construed against any party shall not apply. The headings in this Agreement are for convenience and are not intended to affect construction or interpretation. This Agreement represents a compromise of disputed claims and is not to be construed as an admission, direct or indirect, against any interest of the Parties. The plural includes the singular and the singular includes the plural; "and" and "or" are each used both conjunctively and disjunctively; "any" and "all" each mean "any and all"; "each" and "every" each mean "each and every"; and "including" and "includes" are each "without limitation."

19. **Waiver.** The failure of any party to enforce or to require timely compliance with any term or provision of this Agreement shall not be deemed to be a waiver or relinquishment of rights or obligations arising hereunder, nor shall such failure preclude or estop the subsequent enforcement of such term or provision or the enforcement of any subsequent breach.

20. **Severability.** Any term or provision of this Agreement that renders such term or provision or any other term or provision hereof invalid or unenforceable in any respect shall be modified to the extent necessary to avoid rendering such term or provision invalid or unenforceable, including by severance, and such modification shall be accomplished in the manner that most nearly preserves the benefit of the Parties' bargain hereunder. This Agreement has been made with the clear intention that the validity and enforceability of the remaining parts, terms and provisions shall not be affected by any possible future finding of a duly constituted authority that a particular part, term or provision is invalid, void or unenforceable.

21. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto and fully supersedes any and all prior and/or supplemental understandings, whether written or oral, between the Parties. Each Party acknowledges that said Party has not relied on any representations, promises or agreements other than those made herein. Any modification to this Agreement must be in writing and signed by all Parties or their attorneys.

22. **Multiple Counter Parts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**FOR COUNSEL FOR PLAINTIFFS**

_____     Dated: 3/15/2018
Allen A. Vaught
Melinda Arbuckle
Baron & Budd, P.C.

**FOR PLAINTIFFS**

_____     Dated: _____
Emiliano Rodriguez-Rodriguez

**FOR PLAINTIFFS**

_____     Dated: _____
Benito Hernandez Moreno

**FOR DEFENDANTS**

_____     Dated: _____
Big Bird Tree Services, Inc.

**FOR DEFENDANTS**

_____     Dated: _____
Manasseh Philip

**FOR DEFENDANTS**

_____     Dated: _____
Apollos Philip

22. **Multiple Counter Parts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**FOR COUNSEL FOR PLAINTIFFS**

_____  Dated: _____
Allen A. Vaught
Melinda Arbuckle
Baron & Budd, P.C.

**FOR PLAINTIFFS**

_Emiliano Rodriguez_ [signature] Dated: 03/13/18
Emiliano Rodriguez-Rodriguez

**FOR PLAINTIFFS**

_____  Dated: _____
Benito Hernandez Moreno

**FOR DEFENDANTS**

_____  Dated: _____
Big Bird Tree Services, Inc.

**FOR DEFENDANTS**

_____  Dated: _____
Manasseh Philip

**FOR DEFENDANTS**

_____  Dated: _____
Apollos Philip

22. **Multiple Counter Parts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**FOR COUNSEL FOR PLAINTIFFS**

_____  Dated: _____
Allen A. Vaught
Melinda Arbuckle
Baron & Budd, P.C.

**FOR PLAINTIFFS**

_____  Dated: _____
Emiliano Rodriguez-Rodriguez

**FOR PLAINTIFFS**

*Benito HeyNANDEZ Moreno*  Dated: 03 03·2/8
Benito Hernandez Moreno

**FOR DEFENDANTS**

_____  Dated: _____
Big Bird Tree Services, Inc.

**FOR DEFENDANTS**

_____  Dated: _____
Manasseh Philip

**FOR DEFENDANTS**

_____  Dated: _____
Apollos Philip

Page 7 of 7

22. **Multiple Counter Parts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**FOR COUNSEL FOR PLAINTIFFS**

_____  Dated: _____
Allen A. Vaught
Melinda Arbuckle
Baron & Budd, P.C.

**FOR PLAINTIFFS**

_____  Dated: _____
Emiliano Rodriguez-Rodriguez

**FOR PLAINTIFFS**

_____  Dated: _____
Benito Hernandez Moreno

**FOR DEFENDANTS**

_/s/ Manasseh Philip_____  Dated: 3/7/18
Big Bird Tree Services, Inc.

**FOR DEFENDANTS**

_/s/ Manasseh Philip_____  Dated: 3/7/18
Manasseh Philip

**FOR DEFENDANTS**

_____  Dated: _____
Apollos Philip

Page 7 of 7

22. **Multiple Counter Parts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

## FOR COUNSEL FOR PLAINTIFFS

_____   Dated: _____

Allen A. Vaught
Melinda Arbuckle
Baron & Budd, P.C.

## FOR PLAINTIFFS

_____   Dated: _____

Emiliano Rodriguez-Rodriguez

## FOR PLAINTIFFS

_____   Dated: _____

Benito Hernandez Moreno

## FOR DEFENDANTS

_____   Dated: _____

Big Bird Tree Services, Inc.

## FOR DEFENDANTS

_____   Dated: _____

Manasseh Philip

## FOR DEFENDANTS

*/s/ Apollos Philip*   Dated: 3/15/2018

Apollos Philip

# EXHIBIT A

| Last Name of Plaintiff | First Name of Plaintiff | Percentage of Damage Award Based on Total Hours Worked | Amount of $30,000 Distribution | Amount of Each $1400 Monthly Payment | Total Net Settlement Due Plaintiff |
|---|---|---|---|---|---|
| Diaz-Moreno | Crispin | 18.29% | $2,969.06 | $153.64 | $12,187.46 |
| Garcia-Montero | Antonio | 19.26% | $3,126.53 | $161.78 | $12,833.33 |
| Hernandez Moreno | Benito | 16.59% | $2,693.10 | $139.36 | $11,054.70 |
| Rodriguez | Emilano | 19.47% | $3,160.62 | $163.55 | $12,973.62 |
| Viveros Garcia | Jose Antonio Jr. | 11.77% | $1,910.65 | $98.87 | $7,842.85 |
| Viveros Barradas | Jose Antonio Sr. | 14.62% | $2,373.30 | $122.80 | $9,741.30 |
| | **TOTALS** | **100.00%** | **$16,233.26** | **$840.00** | **$66,633.26** |

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMILIANO RODRIGUEZ-RODRIGUEZ and BENITO HERNANDEZ MORENO, On Behalf of Themselves and All Others Similarly Situated, § § § § § Plaintiffs, § § V. § § BIG BIRD TREE SERVICE, INC., APOLLOS PHILIP, MANASSEH A. PHILIP, and JOHN DOE DEFENDANTS 3-10, § § § § Defendants. § | | CIVIL ACTION NO. 3:15-cv-3815-N<br><br>COLLECTIVE ACTION |

**[PROPOSED] CONSENT JUDGMENT**

Whereas, Plaintiffs, EMILIANO RODRIGUEZ-RODRIGUEZ, BENITO HERNANDEZ MORENO, on behalf of themselves and Opt in Plaintiffs, have alleged violations of the Fair Labor Standards Act (FLSA);

Whereas, Defendants, BIG BIRD TREE SERVICES, INC., APOLLOS PHILIP, and MANASSEH A. PHILIP, have timely answered and denied that Plaintiffs are entitled to damages under the FLSA;

Whereas, the parties have informed the Court that they have entered into a compromise Settlement Agreement;

Whereas, the Court has approved the Settlement Agreement; and

Whereas pursuant to the Settlement Agreement, Defendants, without admitting they have violated any provision of the Fair Labor Standards Act, have agreed to the entry of a judgment.

Accordingly, it is hereby **ORDERED** that Plaintiffs, EMILIANO RODRIGUEZ-RODRIGUEZ, BENITO HERNANDEZ MORENO and opt-in Party Plaintiffs JOSE ANTONIO VIVEROS BARRADAS, JOSE ANTONIO VIVEROS GARCIA, ANTONIO GARCIA MONTERO, and CRISPIN DIAZ MORENO (collectively, "Plaintiffs") shall have a judgment against Defendants BIG BIRD TREE SERVICES, INC., APOLLOS PHILIP, and MANASSEH A. PHILIP (collectively, "Defendants"), jointly and severally, in the amount of $66,633.26;

It is further **ORDERED** that the judgment amount of $66,633.26 shall be distributed to the Plaintiffs as set forth below and paid pursuant to the approved Settlement Agreement:

| Plaintiff (Last, First) | Individual Judgment Award |
|---|---|
| Diaz-Moreno, Crispin | $12,187.46 |
| Garcia-Montero, Antonio | $12,833.33 |
| Hernandez Moreno, Benito | $11,054.70 |
| Rodriguez, Emilano | $12,973.62 |
| Viveros Garcia, Jose Antonio Jr. | $7,842.85 |
| Viveros Barradas, Jose Antonio Sr. | $9,741.30 |

It is further **ORDERED** that Plaintiffs' attorneys shall have judgment against Defendants, jointly and severally, in the amount of $45,600.00 for attorneys' fees and in the amount of $1,766.74 for costs of court; the amounts shall be paid pursuant to the approved Settlement Agreement;

It is further **ORDERED** that Plaintiffs and Plaintiffs' attorneys shall have the right to execute on this Judgment pursuant to the terms set forth in the Settlement Agreement; and

It is further **ORDERED** that this judgment shall bear post-judgment interest pursuant to the terms set forth in the Settlement Agreement.

SIGNED THIS _____ DAY OF _____, 2018.

---
Sam A. Lindsey
United States District Judge