IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EMILIANO RODRIGUEZ-RODRIGUEZ; BENITO HERNANDEZ MORENO;JOSE ANTONIO VIVEROS BARRADAS; JOSE ANTONIO VIVEROS GARCIA; ANTONIA GARCIA MONTERO; and CRISPIN DIAZ MORENO,** | § § § § § § § § | |
| Plaintiffs, | § § | |
| **v.** | § § | Civil Action No.  **3:15-CV-3815-L** |
| **BIG BIRD TREE SERVICE, INC.; MANASSEH A. PHILIP; APOLLOS PHILIP; and JOHN DOES 1-10,**[1] | § § § § | |
| Defendants. | § § | |

## ORDER

Before the court are Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement, Unopposed Motion for Entry of a Consent Judgment, and Unopposed Motion for Attorneys' Fees, Costs, and Expenses ("Plaintiffs' Motion"), all filed March 16, 2018.  The court determines that the motions should be, and are hereby, **granted**.

## I.    RECITALS

WHEREAS, on November 28, 2015, Plaintiffs Emiliano Rodriguez-Rodriguez and Benito Hernandez Moreno (collectively "Named Plaintiffs") filed their Original Complaint against Defendant Big Bird Tree Services, Inc. ("Big Bird"), seeking damages under the Fair Labor Standards Act ("FLSA") on a collective action basis alleging that Big Bird failed to pay Plaintiffs

---

[1] The court directs the clerk of court to modify the caption as amended by the court.

and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 per seven day work week.

WHEREAS, on March 11, 2016 Named Plaintiffs filed their First Amended Complaint naming Apollos Philip ("A. Philip") and Manasseh A. Philip ("M. Philip") as Defendants, along with Big Bird. (Big Bird, A. Philip, and M. Philip are referred to collectively as "Defendants").

WHEREAS, Defendants filed Answers to the suit denying the allegations made by Named Plaintiffs and asserting their defenses.

WHEREAS, on March 31, 2016 Defendant Big Bird filed a Motion to Dismiss Plaintiffs' Amended Complaint, on April 12, 2016 Defendant A. Philip filed a Motion to Dismiss Plaintiffs' Amended Complaint, and on April 20, 2016 Defendant M. Philip filed a Motion to Dismiss Plaintiffs' First Amended Complaint. All such Motions to Dismiss were subsequently denied by court Order on March 20, 2017.

WHEREAS, on September 29, 2016, the court granted the Named Plaintiffs' Motion for Conditional Certification of a FLSA collective action. There are four opt-in Plaintiffs who filed consents to join this collective action lawsuit as follows – Jose Antonio Viveros Barradas, Jose Antonio Viveros Garcia, Antonio Garcia Montero, and Crispin Diaz Moreno (collectively "Opt-in Plaintiffs").[2]

WHEREAS, on November 21, 2017, Plaintiffs and Defendants (collectively the "Parties") participated in a mediation session of this matter which was conducted by experienced mediator, Cecilia Morgan.

WHEREAS, after continuing settlement discussions following the mediation, Plaintiffs and Defendants entered into the Settlement Agreement, as submitted to the court in the Appendix

---

[2] The Named Plaintiffs and Opt-in Plaintiffs are referred to collectively herein as "Plaintiffs."

**Order – Page 2**

to Plaintiffs' Motion (the "Settlement Agreement").

WHEREAS, the Settlement Agreement, together with its Exhibit A and Exhibit B, sets forth the terms and conditions for a proposed settlement in this action between the Parties.

WHEREAS, the Plaintiffs have requested that the court enter an Order: (1) finding that a bona fide dispute exists between the Parties under the FLSA; (2) adjudging the terms of the proposed Settlement Agreement to be fair, reasonable, and adequate, and in the best interests of the Plaintiffs and directing consummation of its terms and provisions; (3) awarding Counsel for Plaintiffs' attorneys' fees, costs, and expenses pursuant to the terms of the Settlement Agreement; and (4) entering a Consent Judgment pursuant to the terms of the Agreement.

WHEREAS, the court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arms'-length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants.

WHEREAS, the court having reviewed and considered the Settlement Agreement and its accompanying Exhibit A and Exhibit B, Plaintiffs' Unopposed Motion, all evidence of record, and all other matters properly before the court, the court makes the findings and grants the relief set forth below.

## II.       JURISDICTION

The court finds that it has jurisdiction over the subject matter of this action, including the claims asserted, and has jurisdiction over Plaintiffs and Defendants, and the implementation and enforcement of the Settlement Agreement.

## III.      APPROVAL OF SETTLEMENT AGREEMENT

The court finds the Settlement Agreement resolves a *bona fide* dispute between Plaintiffs and Defendants, and is fair, reasonable, adequate, and in the best interest of Plaintiffs. The court

**Order – Page 3**

**approves** the Settlement Agreement, and all terms and provisions of the Settlement are **ordered** to be consummated.

The court finds that the Settlement Agreement is within the range of reasonableness. The court finds that sufficient investigation, research, and litigation have been conducted such that counsel for the Parties have been able to evaluate their respective risks of further litigation, including the additional costs and delays associated with the continued prosecution of this action.

The court also finds that the Settlement Agreement is the result of arms'-length negotiations between experienced counsel representing the interests of the Plaintiffs and Defendants, respectively, with the assistance of a third-party mediator.

The court further finds and determines that the payments to be made to the Plaintiffs as provided in the Settlement Agreement, are fair and reasonable.  The court also finds the plan of allocation is rational and the timeline for payments is reasonable.

The court additionally finds entry of a consent judgment as set forth in the Settlement Agreement at Exhibit B is fair and reasonable, and is so entered.

Based upon all papers filed with the court, the court's observation and assessment of the performance of Plaintiffs' Counsel throughout this litigation, the resulting settlement recovery, and other good cause shown, the court finds that payment to Plaintiffs' Counsel pursuant to the terms of the Settlement Agreement, for all past and remaining work until the date of this Order is fair and reasonable.  Specifically, the court finds that in light of the result obtained for Plaintiffs, the experience of Plaintiffs' Counsel, and the preclusion of other employment necessitated by the hours Plaintiffs' Counsel devoted to this litigation, the agreed upon fees, costs and expenses should be awarded.

In light of these findings, **it is hereby ordered that:**

      1.      the Settlement Agreement is approved;

      2.      the parties comply with the terms of the Settlement;

      3.      the Consent Judgment is entered contemporaneously with this Order pursuant to the terms of the Settlement Agreement;

      4.      Plaintiffs shall have recovery from Defendants pursuant to the Consent Judgment entered contemporaneous with this Order;

      5.      Plaintiffs' Counsel be awarded attorneys' fees, expenses, and costs pursuant to the Consent Judgment entered contemporaneous with this Order;

      6.      All John Doe Defendants in this action are dismissed with prejudice; and

      7.      Without affecting the finality of the court's judgment in any way, the court **retains** jurisdiction over this matter for the purposes of resolving issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement and/or Consent Judgment.  The court will retain jurisdiction of this action for a period of 60 consecutive months after the entry of this Order and the Consent Judgment.  After that time, the court will not exercise jurisdiction of this matter unless such jurisdiction is mandated by federal statute, the Federal Rules of Civil Procedure, or binding authority from the United States Supreme Court or the United States Court of Appeals for the Fifth Circuit.  Nothing in this Order will preclude any action to enforce the Parties' obligations under the Settlement Agreement or Consent Judgment, including the requirement that Defendants effectuate the monetary terms and payment deadlines set forth in the Settlement Agreement.

Signed this 22nd day of March, 2018.

Sam A. Lindsay
United States District Judge